Ben Yeroushalmi, Esq. (SBN 232540)
Law Offices of Ben Yeroushalmi
9100 Wilshire Blvd., Suite 240W
Beverly Hills CA 90212
(310) 623-1926
ben@yeroushalmilaw.com

Akiva Meir Cohen, Esq. (Admitted in NY)
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 42nd Floor
New York NY 10019
(212) 400-4930
acohen@kusklaw.com

*Attorneys for Plaintiff:* **B&J DIAMONDS INC.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| **B&J DIAMONDS INC.,** | Case No.: 2:17-cv-07925 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **ALIYA DIAMONDS LTD.,** | |
| Defendant. | |

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §1332(a), in that the claim arises between a citizen of a State and a citizen of foreign state and the amount in controversy exceeds the statutory amount set forth therein.

2. Venue is proper under 28 U.S.C. § 1391(b)(2).

**COMPLAINT**

## NATURE OF THE ACTION

3. This is an action for breach of contract in connection with the sale of a certain 15.05 carat diamond ("Diamond") by Aliya Diamonds Ltd. ("Aliya") to B&J Diamonds Inc. ("B&J").

## THE PARTIES

4. Plaintiff B&J, is a California corporation with a principal place of business located at 550 South Hill Street, Suite 1350, Los Angeles, California.

5. Defendant Aliya is an Israeli corporation with a principal place of business located at 248 Maccabi Building, Ramat Gan, Israel.

## BACKGROUND

6. B&J is engaged in the wholesale business of purchasing and selling diamonds and other precious stones.

7. B&J frequently partners with other wholesale diamond dealers to jointly purchase diamonds with the intention of sharing in the cost and profit of same.

8. In November 2013 B&J partnered with Isaac Davidowits LLC ("ID"), a New York limited liability company to purchase the Diamond from Aliya.

9. B&J, on behalf of itself and ID, negotiated the purchase price for the Diamond from its offices in California.

10. B&J, on behalf of itself and ID, purchased the Diamond from Aliya for $1,150,000 as reflected on the attached invoice from Aliya to B&J dated November 5, 2013, a copy of which is attached hereto as **Exhibit A** ("November 5 Invoice").

11. The $1,150,000 purchase price was paid in accordance with instructions provided by Aliya.

12. Aliya directed B&J and ID to wire $829,000 of the purchase price to Chu Han Cheng, whom Moshe Bronner ("Bronner"), Aliya's principal identified as the current owner of the Diamond, and the balance of the purchase price, $321,000 to Bronner.

13. Pursuant to the parties' agreement, Aliya shipped and delivered the Diamond to B&J's office in California.

14. Aliya subsequently issued a supplemental invoice to document the sale of the Diamond by Aliya made out to B&J's partner in the Diamond, ID, dated November 4, 2013 ("November 4 Invoice") a copy of which is attached hereto as **Exhibit B**.

15. The November 4 Invoice and the November 5 Invoice were at all times intended to document the same transaction.

16. The November 4 Invoice includes the following express representations and warranties from Aliya regarding the Diamond:

> ALIYA DIAMOND PURCHASED THE STONE DIRECTLY FROM THE OWNER THROUGH A DIAMOND BROKER IN TAIWAN.

THIS WAS A LEGITIMATE DEAL GUARANTEED BY THE EMPLOYEES OF ALIYA DIAMONDS AND ITS DIRECTOR MOSHE BRONNER.

17. After purchasing the Diamond, ID improved the Diamond by cutting the Diamond.

18. In the process of cutting the Diamond, ID improved the qualities of the Diamond including, but not limited to improving the color of the Diamond from an E color to a D color.

19. After cutting the Diamond the value of the Diamond increased to at least $1,450,000; representing a profit of at least $300,000 in any subsequent sale of the Diamond by B&J and ID.

20. As detailed in a Complaint filed in or about November 2014 by a certain Liu Tee Shu ("Shu") in the case captioned Liu Tee Shu, Plaintiff, v. Isaac Davidowits LLC and B&J Diamonds, Inc., and Carat & Co., Inc., Defendants; Isaac Davidowits LLC and B&J Diamonds, Inc., Third Party-Plaintiffs, v. Carat & Co., Inc., Third-Party Defendant Index No. 161622/2014 in New York State Supreme Court, New York County ("Shu Action"), Shu claims that she is the rightful owner of the Diamond. A copy of the Complaint from the Shu Action is attached hereto as **Exhibit C**.

21. Shu alleged that in or about July 2012, the Diamond was stolen from her by Carat & Co, Inc. ("Carat"), a local jewelry store to which she entrusted a 15.08 carat diamond for cleaning.

**COMPLAINT**

22. Shu claims that the 15.08 carat diamond (mounted in a ring) was replaced with a cubic zirconia stone by Carat.

23. Shu asserts that she discovered that her diamond had been replaced with a cubic zirconia and filed a police report on August 12, 2013 to report the theft. A copy of the police report is attached hereto as **Exhibit D**.

24. Shu alleged that the Diamond purchased from Aliya by ID and B&J is the same diamond that was in the ring she delivered to Carat for cleaning and that ID and B&J did not and could not obtain good title to the Diamond because it was stolen from her by Carat, notwithstanding the fact that ID and B&J purchased the Diamond in the ordinary course of business, for value, and without knowledge of any claim of ownership by another party.

25. In the Action, Shu seeks the return of the Diamond from ID and B&J and in the alternative damages in the amount of $1,400,000.

26. The Action was settled for a payment in the amount of $550,000 in exchange for the return of the Diamond.

27. The Action will continue with the claims that Shu, ID & B&J have against Carat.

28. ID is a member of the Diamond Dealers Club, Inc. ("DDC"), located in New York City, New York and is an affiliate bourse of the World Federation of Diamond Bourses ("WFDB").

**COMPLAINT**

29. Aliya is a member of the Israel Diamond Exchange Ltd located in Ramat Gan, Israel and is an affiliate bourse of the WFDB.

30. B&J is not a member of any affiliated bourse of the WFDB.

31. Members of affiliated bourses of the WFDB are required to submit disputes between members to binding arbitration before the arbitration tribunals of the affiliated bourses of the WFDB.

32. On or about September 7, 2017, ID, in compliance with the rules of the DDC and WFDB, commenced an arbitration proceeding against Aliya regarding the Diamond (the "Arbitration"). Attached hereto as **Exhibit E** is a copy of ID's arbitration demand.

33. Since B&J is not a member of any affiliated bourse of the WFDB, B&J may not participate in the Arbitration unless permission is granted by the parties to the Arbitration and the affected bourses.

34. As of the date hereof, the affected bourses and Aliya have not unconditionally consented to allow B&J to participate in the arbitration.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

35. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 34 above.

36. Plaintiff and its partner ID, purchased the Diamond from Defendant at the agreed upon purchase price of $1,150,000.

37. An implicit term of the purchase agreement was that Defendant had legal title to the Diamond and was able to convey legal title to B&J and its partner ID.

38. Based on the fact that the Diamond was stolen from Shu, even if it is established that the Diamond was subsequently purchased in good faith by B&J and ID from Defendant, Defendant breached a material term of the purchase agreement for the Diamond in that Defendant did not have lawful title to the Diamond and was unable to convey lawful title to the Diamond to Plaintiff and its partner ID.

39. By reason of the foregoing, Plaintiff has been damaged as a direct result of Defendant's breach as set forth above in an amount of at least $900,000.00, the exact amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Warranty)

40. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 39 above.

41. Defendant represented and warranted to B&J and ID that Defendant purchased the Diamond directly from the owner through a diamond broker.

42. Defendant guaranteed the legitimacy of the sale of the Diamond to B&J and ID by the employees of Defendant and its director, Bronner.

**COMPLAINT**

43. Defendant breached its express warranty that Defendant had lawful title to the Diamond and was able to convey lawful title to the Diamond to Plaintiff and its partner ID.

44. By reason of the foregoing, Plaintiff has been damaged as a direct result of Defendant's breach as set forth above in an amount of at least $900,000.00, the exact amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Breach of Guaranty)

45. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 44 above.

46. Defendant is liable to Plaintiff on its guaranty to B&J and ID that the sale of the Diamond was "legitimate".

47. By reason of the foregoing, Plaintiff has been damaged as a direct result of Defendant's breach as set forth above in an amount of at least $900,000.00, the exact amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Loss in Appreciated Value)

48. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 47 above.

49. Defendant is liable to Plaintiff for the loss of the increased value of the Diamond following the cutting and improving of the diamond by ID and B&J.

50. By reason of the foregoing, Plaintiff has been damaged as a direct result of Defendant's breach as set forth above in an amount of at least $300,000, the exact amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (Legal Fees)

51. Plaintiff incorporates by reference as if set forth in full herein the allegations of paragraphs 1 through 50 above.

52. Defendant is liable to Plaintiff for the legal fees Plaintiff was forced to incur in defending the Action.

53. By reason of the foregoing, Plaintiff has been damaged as a direct result of Defendant's breach as set forth above in an amount of at least $50,000.00, the exact amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) On the First Cause of Action, judgment in its favor in an amount of at least $900,000.00, the exact amount to be proven at trial, and pre- and post-judgment interest on the same; and

**COMPLAINT**

(b) On the Second Cause of Action, judgment in its favor in an amount of at least $900,000.00, the exact amount to be proven at trial, and pre- and post-judgment interest on the same; and

(c) On the Third Cause of Action, judgment in its favor in an amount of at least $900,000.00, the exact amount to be proven at trial, and pre- and post-judgment interest on the same; and

(d) On the Fourth Cause of Action, judgment in its favor in an amount of at least $300,000.00, the exact amount to be proven at trial, and pre- and post-judgment interest on the same; and

(e) On the Fifth Cause of Action, judgment in its favor in an amount of at least $50,000.00, the exact amount to be proven at trial, and pre- and post-judgment interest on the same; and

(f) Such other and further relief as the Court deems right and proper.

DATED: October 30, 2017

Respectfully submitted,

/s/ *Ben Yeroushalmi*
Ben Yeroushalmi, Esq.
Law Offices of Ben Yeroushalmi

*and*

Akiva M. Cohen, Esq. (Admitted in NY)
Kamerman, Uncyk, Soniker & Klein P.C.

*Attorneys for Plaintiff*

**COMPLAINT**