Ben Yeroushalmi, Esq. (SBN 232540)
Law Offices of Ben Yeroushalmi
9100 Wilshire Blvd., Suite 240W
Beverly Hills CA 90212
(310) 623-1926
ben@yeroushalmilaw.com

Akiva Meir Cohen, Esq. (*Pro Hac Vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 42nd Floor
New York NY 10019
(212) 400-4930
acohen@kusklaw.com

Attorneys for Plaintiff **B&J DIAMONDS INC.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **B&J DIAMONDS INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ALIYA DIAMONDS LTD.,**<br><br>Defendant. | Case No.: 2:17-cv-07925<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO ORDER TO SHOW CAUSE** |

### PRELIMINARY STATEMENT

Plaintiff, B&J Diamonds Inc. ("B&J"), respectfully submits this Memorandum of Law in opposition to the Court's Order to Show Cause Re: Dismissal for Lack of Prosecution filed March 30, 2018 for failure to serve the summons and complaint on the defendant within 90 days after the complaint was filed pursuant to Fed. R. Civ. P. 4(m).

**MEMORANDUM IN SUPPORT OF**
**OPPOSITION TO OSC**

As set forth below, Fed. R. Civ. P. 4(m) does not apply to the instant action and consequently the instant action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) as defendant, Aliya Diamonds Ltd. ("Aliya") is an Israeli corporation, currently operating in Israel and service of the summons and complaint is being made upon Aliya pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters ("The Hague Process Convention").

## FACTS

The summons and complaint in the instant action is being served on Aliya by Ancillary Legal Corporation ("Ancillary") pursuant to The Hague Process Convention. See, Piercall 2017 Affidavit, ¶ 7, a copy of which is annexed to the Cohen Affirmations as Exhibit 1. The Piercall 2017 Affidavit was previously filed with the Court on December 12, 2107.

On November 30, 2017, the summons and complaint were delivered to the Central Authority in Israel designated by the Israel government under The Hague Process Convention, for service upon Aliya. See, Piercall 2017 Affidavit ¶7. Service of the summons and complaint could take 16 weeks or more. See, Piercall 2017 Affidavit ¶6. On March 20, 2018, sixteen weeks after the summons and complaint were delivered to the Central Authority; Ancillary sent an email to the Central Authority requesting a status update on service of the summons and complaint on Aliya. No response was received from the Central Authority. See, Pierceall 2018 Affidavit, ¶8.

# LEGAL ARGUMENT

## Federal Rule of Civil Procedure 4(m) Does Not Apply To the Instant Action

The 90-day period for service of Fed R. Civ. P. 4(m) does not apply to this action, since defendant Aliya is being served under The Hague Process Convention.

Fed R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(h)(2) relating to service on foreign corporations provides that service on a foreign corporation at a place not within any judicial district of the United States may be made in any manner prescribed by Rule 4(f) for serving an individual.

Fed. R. Civ. P. 4(f)(1) permits service at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

**MEMORANDUM IN SUPPORT OF OPPOSITION TO OSC**

As service of the summons and complaint upon Aliya is being made pursuant to The Hague Process Convention, the 90-day rule set forth in Fed. R. Civ. P. 4(m) does not apply to the instant action and, therefore the instant action should not be dismissed for lack of prosecution.

## CONCLUSION

WHEREFORE, for the reasons set forth hereinabove, this Court should not dismiss the instant action.

Dated: April 4, 2018          New York, New York

Respectfully submitted,

*/s/ Akiva M. Cohen*
Akiva M. Cohen, Esq. (*Pro Hac Vice*)
*Attorneys for Plaintiff B&J DIAMONDS INC.*