Ben Yeroushalmi, Esq. (SBN 232540)
Law Offices of Ben Yeroushalmi
9100 Wilshire Blvd., Suite 240W
Beverly Hills CA 90212
(310) 623-1926
ben@yeroushalmilaw.com

Akiva Meir Cohen, Esq. (*Pro Hac Vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 42nd Floor
New York NY 10019
(212) 400-4930
acohen@kusklaw.com

*Attorneys for Plaintiff* **B&J DIAMONDS INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **B&J DIAMONDS INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **ALIYA DIAMONDS LTD.,** <br><br> Defendant. | Case No.: 2:17-cv-07925 <br><br> **AFFIRMATION OF AKIVA M. COHEN IN SUPPORT OF OPPOSITION TO ORDER TO SHOW CAUSE** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

AKIVA M. COHEN, an attorney admitted to the practice in the State of New York and admitted to this Court *pro hac vice*, affirms the following to be true under the penalties of perjury:

1. I am a partner at the law firm of Kamerman, Uncyk, Soniker & Klein P.C., attorneys for the Plaintiff herein, B & J Diamonds ("B&J"), and as such am fully familiar with the facts and circumstances of these proceedings.

2. I make this Affirmation in opposition to the Court's Order to Show Cause Re: Dismissal for Lack of Prosecution filed March 30, 2018 for failure to serve the summons and complaint on the Defendant within 90 days after the complaint was filed pursuant to Fed. R. Civ. P. 4(m).

3. The Defendant, Aliya Diamonds Ltd. ("Aliya") is an Israeli corporation, currently operating in Israel.

4. Plaintiff retained Ancillary Legal Corporation ("Ancillary") to effect service of the summons and complaint on Aliya in Israel.

5. On or about December 12, 2017, an Affidavit sworn to by John V. Pierceall on December 6, 2017 ("Pierceall 2017 Affidavit") regarding the status of service of the summons and complaint on Aliya was filed with the Court reflecting that service upon Aliya is being made pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters ("The Hague Process Convention"). A copy of the Pierceall 2017 Affidavit is attached hereto as **Exhibit 1**.

6. On November 30, 2017, the summons and complaint were delivered to the Central Authority in Israel designated by the Israel government under The Hague Process Convention, for service upon Aliya. See, Pierceall 2017 Affidavit ¶7.

**AFFIRMATION IN OPPOSITION TO OSC**


7. As reflected in the Pierceall 2017 Affidavit, service of the summons and complaint could take 16 weeks or more. See, Pierceall 2017 Affidavit ¶6.

8. Attached hereto as **Exhibit 2** is an affidavit sworn to by John V. Pierceall on April 4, 2018 (Pierceall 2018 Affidavit") providing an update on the service of the summons and complaint on Aliya.

9. As set forth in the Pierceall 2018 Affidavit, ¶8, on March 20, 2018, sixteen weeks after the summons and complaint were delivered to the Central Authority, Ancillary sent an email to the Central Authority requesting a status update on service of the summons and complaint on Aliya. No response was received from the Central Authority.

10. As set forth in the Pierceall 2018 Affidavit, ¶9, The Hague Process Convention provides that if service is not effective or proof of service is not obtained within 6 months after submittal of the summons and complaint to the Central Authority, Plaintiff may seek a default judgment against the defendant.

11. Plaintiff will continue to monitor the progress of service of the summons and complaint and will file an affidavit of service promptly upon receipt of same.

Dated: April 4, 2018                          New York, New York

                                              Respectfully submitted,

                                              */s/ Akiva M. Cohen*
                                              Akiva M. Cohen, Esq. (*Pro Hac Vice*)
                                              *Attorneys for Plaintiff B&J DIAMONDS INC.*

**AFFIRMATION IN OPPOSITION TO OSC**

UNITED STATES DISTRICT COURT

for the

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&J DIAMONDS INC., | ) |
| | ) Case No. 2:17-cv-07925 |
| Plaintiff, | ) |
| | ) **AFFIDAVIT FOR STATUS REPORT** |
| vs. | ) |
| | ) |
| ALIYA DIAMONDS, LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AFFIDAVIT OF JOHN PIERCEALL
FOR STATUS REPORT REGARDING
SERVICE ON ALIYA DIAMONDS LTD. IN ISRAEL**

STATE OF GEORGIA
COUNTY FULTON

    Sworn to and subscribed before me, PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, JOHN PIERCEALL, who after first being duly sworn, states:

    1.    My name is JOHN PIERCEALL and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily.

    2.    I am a staff attorney for Ancillary Legal Corporation, a company that routinely serves international legal process pursuant to all existing international treaties, by letters rogatory, the Foreign Sovereigns Immunities Act, as well as by private international process server and by United States International Mail. I am a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiffs or Plaintiff's attorneys or to Defendants in the above case.

    3.    I have over 25 years of experience in serving international process, have caused thousands of Summons and other initial pleadings and original process in civil actions to be served abroad in accordance with the treaty provisions of both international treaties to which the United States is a party. I have no interest in the outcome of this action.

4.    The defendant, ALIYA DIAMONDS, LTD.,currently operates in Israel. Israel and the United States are both parties to an international service of process treaty known as The Hague Process Convention, cited as *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #10072*

**Exhibit "1" Page 1 of 4**

5. The Directorate of Courts, 22 Kanfei Nesharin St. Jerusalem 95464, P.O.B. 34142. is the established Central Authority under that treaty by the government of Israel Documents are processed generally in the following manner: After a thorough review of the documentation by a lawyer in the Central Authority, which can take 4-6 weeks, they are sent to the local Court where the defendant resides, where they are again reviewed and handled under the judicial rules of that province/state. They are then given to an official (similar to a sheriff's deputy) for service. Then the proof of service returns to the United States following the same route, being reviewed and logged in at every station. Local rules for handling these documents vary widely with the Court or district.

6. The whole procedure can normally take 16 weeks or more. It is not unusual for a defendant to make an appearance through his U.S. counsel 4 to 8 weeks before the proof is returned to the United States.

7. The documents for service in this action were received by Ancillary Legal Corporation on November 1, 2017. They were delivered to the Central Authority in Israel on November 30th 2017 at 12:56 PM. (see attached delivery confirmation). We anticipate a proof of service to be returned to our office within 18 to 20 weeks.

8. Because of the length of time involved in serving an international defendant, the treaty also provides a practical solution if service is not effective or a proof of service is not obtained within 6 months of the submittal of the documents. Pursuant to the second paragraph of Article 15, a sender may seek a default judgment or take whatever additional action the trial court orders, after the Central Authority has had the documents for 6 months and the sender has not received a certificate of service, provided three conditions are met and subject to the Due Process Saving Provisions of Article 16:

*Article 15*
*Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –*

*a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or*

*b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,*

*and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.*

*Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-*

*a) the document was transmitted by one of the methods provided for in this Convention,*

*b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,*

**Exhibit "1" Page 2 of 4**

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.   The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, 20 UST 361, 658 U.N.T.S. 163.

*Article 16*
When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –

*a)* the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and

*b)* the defendant has disclosed a **prima facie** defense to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This Article shall not apply to judgments concerning status or capacity of persons.

      9.   The United States has not entered a declaration against Article 15. Consequently, this Court may enter a judgment pursuant to the procedures of Article 15 and subject to a defendant's rights under "The Due Process Savings Provision of Article 16.".

_____
John V. Pierceall

Sworn to and subscribed before me
This _6_ day of _December_, 2017

_____
Notary Public

[Notary seal: RACHEL FRAWLEY, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA, MY COMMISSION EXPIRES JUNE 23, 2021]

Exhibit "1" Page 3 of 4

**IMPORTANT!**
A FedEx Express National Service Disruption is in effect. Learn More

# FedEx® Tracking

**811542559976**

| Ship date: | | Actual delivery: |
|---|---|---|
| Mon 11/27/2017 | | Thu 11/30/2017 12:56 pm |
| NCO US | **Delivered** Signed for by: K.ABARGIL | TLV IL |

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **11/30/2017 - Thursday** | | |
| 12:56 pm | Delivered | TLV IL |
| 10:09 am | On FedEx vehicle for delivery | NEMAL TEHUFA BEN GOURYON IL |
| 8:12 am | At local FedEx facility | NEMAL TEHUFA BEN GOURYON IL |
| 7:38 am | International shipment release - Import | NEMAL TEHUFA BEN GOURYON IL |
| 7:37 am | In transit / Package available for clearance | NEMAL TEHUFA BEN GOURYON IL |
| 7:03 am | At destination sort facility | NEMAL TEHUFA BEN GOURYON IL |
| 12:59 am | In transit | KOELN DE |
| 12:47 am | Departed FedEx location | KOELN DE |
| **11/29/2017 - Wednesday** | | |
| 9:48 pm | In transit | KOELN DE |
| 7:16 pm | Arrived at FedEx location | KOELN DE |
| 4:44 am | In transit | MEMPHIS, TN |
| 4:05 am | Departed FedEx location | MEMPHIS, TN |
| **11/28/2017 - Tuesday** | | |
| 11:36 pm | In transit | MEMPHIS, TN |
| **11/27/2017 - Monday** | | |
| 9:58 pm | Left FedEx origin facility | MARIETTA, GA |
| 5:14 pm | Picked up | MARIETTA, GA |

## Shipment Facts

| Tracking Number | 811542559976 | Service | FedEx International Economy |
|---|---|---|---|
| Weight | 1.1 lbs / 0.5 kgs | Delivered To | Receptionist/Front Desk |
| Total pieces | 1 | Total shipment weight | 1.1 lbs / 0.5 kgs |
| Terms | Third Party | Packaging | FedEx Envelope |
| Special handling section | Deliver Weekday | Standard transit | 12/05/2017 by 6:00 pm |

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

Careers

FedEx Blog

Corporate Responsibility

Newsroom

Ask FedEx

**Exhibit "1" Page 4 of 4**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **B&J DIAMONDS INC.,** | ) |
| | ) Case No. 2:17-cv-07925 |
| Plaintiff, | ) |
| | ) **AFFIDAVIT FOR STATUS REPORT** |
| vs. | ) |
| | ) |
| **ALIYA DIAMONDS, LTD.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>**AFFIDAVIT OF JOHN PIERCEALL**</u>
<u>**FOR STATUS REPORT REGARDING**</u>
<u>**SERVICE ON ALIYA DIAMONDS LTD. IN ISRAEL**</u>

STATE OF GEORGIA
COUNTY FULTON

  Sworn to and subscribed before me, PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, JOHN PIERCEALL, who after first being duly sworn, states:

1. My name is JOHN PIERCEALL and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily.

2. I am a staff attorney for Ancillary Legal Corporation, a company that routinely serves international legal process pursuant to all existing international treaties, by letters rogatory, the Foreign Sovereigns Immunities Act, as well as by private international process server and by United States International Mail. I am a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to Plaintiffs or Plaintiff's attorneys or to Defendants in the above case.

3. I have over 25 years of experience in serving international process, have caused thousands of Summons and other initial pleadings and original process in civil actions to be served abroad in accordance with the treaty provisions of both international treaties to which the United States is a party. I have no interest in the outcome of this action.

4. The defendant, ALIYA DIAMONDS, LTD., currently operates in Israel. Israel and the United States are both parties to an international service of process treaty known as The Hague Process Convention, cited as *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #10072*

5. The Directorate of Courts, 22 Kanfei Nesharin St. Jerusalem 95464, P.O.B. 34142. is the established Central Authority under that treaty by the government of Israel Documents are processed generally in the following manner: After a thorough review of the documentation by a lawyer in the Central Authority, which can take 4-6 weeks, they are sent to the local Court where the defendant resides, where they are again reviewed and handled under the judicial rules of that province/state. They are then given to an official (similar to a sheriff's deputy) for service. Then the proof of service returns to the United States following the same route, being reviewed and logged in at every station. Local rules for handling these documents vary widely with the Court or district.

6. The whole procedure can normally take sixteen weeks or more, but the treaty affords the Central Authority 6 months to perfect service. It is not unusual for a defendant to make an appearance through his U.S. counsel 4 to 8 weeks before the proof is returned to the United States.

7. The documents for service in this action were received by Ancillary Legal Corporation on November 1, 2017. They were delivered to the Central Authority in Israel on November 30th 2017 at 12:56 PM. (see attached delivery confirmation).

8. On March 20, 2018, sixteen weeks after the documents were delivered to the Central Authority, Ancillary Requested a status update (please see attached). No response has been received.

9. Because of the length of time involved in serving an international defendant, the treaty also provides a practical solution if service is not effective or a proof of service is not obtained within 6 months of the submittal of the documents. Pursuant to the second paragraph of Article 15, a sender may seek a default judgment or take whatever additional action the trial court orders, after the Central Authority has had the documents for 6 months and the sender has not received a certificate of service, provided three conditions are met and subject to the Due Process Saving Provisions of Article 16:

*Article 15*
*Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –*

*a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or*

*b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,*

*and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.*

*Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-*

*a) the document was transmitted by one of the methods provided for in this Convention,*

*b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,*

*c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.*

*Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.   The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, 20 UST 361, 658 U.N.T.S. 163.*

*Article 16*
*When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –*

*a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and*

*b) the defendant has disclosed a **prima facie** defense to the action on the merits.*

*An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.*

*Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.*

*This Article shall not apply to judgments concerning status or capacity of persons.*

10. The aforementioned six-month period of Article 15 will expire on May 31, 2018, after which time this Court may enter a default judgment in accordance with The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #10072, in the event that a certificate of service has not been returned.

11. Notwithstanding the State Court requirements, Article VI, Clause 2 of the United States Constitution, known as the Supremacy Clause, establishes the U.S. Constitution, U.S. Treaties, and Federal Statutes as "the supreme law of the land." The text decrees these to be the highest form of law in the U.S. legal system, and mandates that all state judges must follow federal law when a conflict arises between federal law and either the state constitution or state law of any state.

12. The Federal Rules of Civil Procedure mandate the use of the treaty procedures when applicable, (FRCP Rule 4(f)(1)), and acknowledge that because of the length of time necessary to serve process abroad, the 90 day service rule does not apply (FRCP Rule 4(m)).

John V. Pierceall

Sworn to and subscribed before me
This 4 day of April, 2018

Notary Public

RACHEL FRAWLEY
MY COMMISSION EXPIRES
NOTARY PUBLIC
JUNE 25, 2021
DEKALB COUNTY, GEORGIA

**Ex.**

**IMPORTANT!**
A FedEx Express National Service Disruption is in effect. Learn More

FedEx® Tracking

### 811542559976

| Ship date: | | Actual delivery: |
|---|---|---|
| Mon 11/27/2017 | **Delivered** | Thu 11/30/2017 12:56 pm |
| NCQ US | Signed for by: K.ABARGIL | TLV IL |

## Travel History

| ▲ Date/Time | Activity | Location |
|---|---|---|
| **11/30/2017 - Thursday** | | |
| 12:56 pm | Delivered | TLV IL |
| 10:09 am | On FedEx vehicle for delivery | NEMAL TEHUFA BEN GOURYON IL |
| 8:12 am | At local FedEx facility | NEMAL TEHUFA BEN GOURYON IL |
| 7:38 am | International shipment release - Import | NEMAL TEHUFA BEN GOURYON IL |
| 7:37 am | In transit<br>Package available for clearance | NEMAL TEHUFA BEN GOURYON IL |
| 7:03 am | At destination sort facility | NEMAL TEHUFA BEN GOURYON IL |
| 12:59 am | In transit | KOELN DE |
| 12:47 am | Departed FedEx location | KOELN DE |
| **11/29/2017 - Wednesday** | | |
| 9:48 pm | In transit | KOELN DE |
| 7:16 pm | Arrived at FedEx location | KOELN DE |
| 4:44 am | In transit | MEMPHIS, TN |
| 4:05 am | Departed FedEx location | MEMPHIS, TN |
| **11/28/2017 - Tuesday** | | |
| 11:36 pm | In transit | MEMPHIS TN |
| **11/27/2017 - Monday** | | |
| 9:58 pm | Left FedEx origin facility | MARIETTA, GA |
| 5:14 pm | Picked up | MARIETTA, GA |

## Shipment Facts

| Tracking Number | 811542559976 | Service | FedEx International Economy |
|---|---|---|---|
| Weight | 1.1 lbs / 0.5 kgs | Delivered To | Receptionist/Front Desk |
| Total pieces | 1 | Total shipment weight | 1.1 lbs / 0.5 kgs |
| Terms | Third Party | Packaging | FedEx Envelope |
| Special handling section | Deliver Weekday | Standard transit | 12/05/2017 by 6:00 pm |

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

Careers

FedEx Blog

Corporate Responsibility

Newsroom

Ask FedEx

**Rachel Frawley**

| | |
|---|---|
| **From:** | Rachel Frawley |
| **Sent:** | Tuesday, March 20, 2018 10:47 AM |
| **To:** | 'Foreign.countries@court.gov.il' |
| **Subject:** | Request Status Update: Service on Aliya Diamonds Ltd in Israel |
| **Attachments:** | Request Form.doc; FedEx Delivery Aliya.pdf |

Dear Sir/Madam:

We are in need of a status update documents for service on Aliya Diamonds Ltd in Israel. They were delivered to your office on November 30th, 2017 at 12:56 PM signed for by a representative. I have attached the Request Form for service abroad to this email for your reference.

Please let me know if the documents have been processed and/or served at your earliest convenience.

Thank you for your help with this important

Kind regards,


*Rachel Frawley*
**PLEASE TAKE NOTE OF OUR NEW ADDRESS.**
5825 Glenridge Drive
Building 4, Suite 220
Atlanta, GA 30328
(404) 459-8006
(404) 459-0916, fax
www.ancillarylegal.com
**\*\*Now offering e-filing for select courts.\*\***



ALC ANCILLARY LEGAL CORPORATION

1

**Exhibit "2" Page 6 of 6**